Tom Buchele, OSB No. 081560
Kathryn Roberts, OSB No. 174471
Earthrise Law Center
10015 SW Terwilliger Blvd.
Portland, OR 97219
Telephone: (503) 768-6736 (Buchele)
Telephone: (503) 768-6654 (Roberts)
Fax: (503) 768-6642
E-mail: tbuchele@lclark.edu
E-mail: kathryn@lclark.edu

Roger Flynn, *Admitted Pro Hac Vice*
Western Mining Action Project
P.O. Box 349
Lyons, CO 80540
Telephone: (303) 823-5738
Fax: (303) 823-5732
E-mail: wmap@igc.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CASCADE FOREST CONSERVANCY,** a non-profit corporation,<br>　　Plaintiff,<br><br>　v.<br><br>**LENORE HEPPLER,** in her official capacity as Chief, Branch of Land Mineral and Energy Resources, Oregon/Washington State Office, BLM**; UNITED STATES BUREAU OF LAND MANAGEMENT,** an agency of the United States Government**; GAR ABBAS,** in his official capacity as Cowlitz Valley District Ranger; and **UNITED STATES FOREST SERVICE,** an agency of the United States Government**,**<br><br>　　Defendants.<br>and | **Civil Action No.: 3:19-cv-00424-AC**<br><br>MOTION TO RESCHEDULE RULE 16 CONFERENCE<br><br>EXPEDITED CONSIDERATION REQUESTED |

Page 1:      MOTION TO RESCHEDULE RULE 16 CONFERENCE

| |
|---|
| ASCOT USA INC. and ASCOT RESOURCES LTD., <br> Intervenor-Defendants. |

## Motion

Plaintiff, Cascade Forest Conservancy ("CFC") hereby moves the Court for an Order rescheduling the Rule 16 Conference set for this case to a date convenient for the Court during the week of July 22, 2019, which will be shortly after the defendants will respond to CFC's Amended Complaint, on July 19, 2019. On June 5, 2019, immediately after all defendants had filed their answers to CFC's initial complaint; this Court issued an order setting the Rule 16 conference for this case for July 8, 2019. *See* Dkt No. 13 (Federal Defendants' Answer); Dkt No. 14 (Defendant-Intervenors' Answer); Dkt. No. 15 (Scheduling Order). The Court then rescheduled the Conference for July 10, 2019. Dkt. No. 18. However on June 21, 2019, CFC filed an Amended Complaint adding Freedom of Information Act ("FOIA") claims and explicitly seeking relief on those claims before the parties address CFC's Administrative Procedure Act ("APA") claims. Dkt. No. 17 at 60. Generally, Rule 16 conferences occur after the defendants have answered the operative complaint in a case, which in this case is now CFC's First Amended Complaint. Rescheduling the Rule 16 Conference until shortly after the defendants answer the First Amended Complaint will allow CFC to review the Federal Defendants and Defendant-Intervenors answers to that amended complaint and then immediately confer with defendants regarding a proposed case management schedule that addresses all the claims and issues raised by the First Amended Complaint. CFC therefore believes there is good cause for rescheduling the Rule 16 conference from July

10th to a convenient date for the Court during the week of July 22nd and respectfully requests that the Court issue an Order doing so.

In accordance with Local Rule 7-1, CFC conferred with Defendants and Defendant-Intervenor about this motion, and they have indicated to CFC that they oppose the motion.[1] Although defendants apparently agree that the parties cannot now finalize a schedule for CFC's FOIA claims, which appear for the first time in the First Amended Complaint, they believe that the parties and Court should proceed with the Rule 16 conference on July 10th to address and set a partial briefing schedule only for CFC's APA claims. As CFC explains below, proceeding with a Rule 16 Conference before the defendants have responded to the operative complaint in this matter would be both irregular and inefficient and potentially prejudice CFC's interests. In contrast, a brief postponement of the conference until the week of July 22nd would not appear to prejudice the defendants in any way and would allow the parties to confer again immediately after they respond to the Amended Complaint on July 19th. That second conferral may allow the parties to offer the Court a joint comprehensive scheduling order that addresses all claims and issues raised by the Amended Complaint.

Because CFC was unable to file this motion earlier (see footnote 1) CFC requests expedited consideration of this Motion by the Court.

---

[1] CFC initially proposed this motion and sought conferral with defendants' counsel regarding it on June 26, 2019, at the same time CFC indicated to the Federal Defendants that CFC did not oppose their motion to extend their time to answer the Amended Complaint. Federal Defendants' counsel however did not respond to that conferral request and did not indicate Federal Defendants' opposition to rescheduling the Rule 16 conference until today, July 8, 2019, which is why CFC has waited until today to file its motion.

Page 3:      MOTION TO RESCHEDULE RULE 16 CONFERENCE

**Memorandum in Support of CFC's Motion**

Rescheduling the Rule 16 conference until after the defendants respond to the First Amended Complaint is warranted and appropriate because only after such responses are filed, and defendants' admissions, denials and defenses to all of CFC's allegations and claims are set out, can the parties confer comprehensively regarding all the issues and claims currently at issue in this case. This Court set the current Rule 16 conference only after the defendants had answered CFC's initial complaint. CFC's Amended Complaint is now the operative complaint in this case. *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[W]hen a plaintiff files an amended complaint, the amended complaint supercedes [sic] the original, the latter being treated as non-existent.") (internal quotations omitted). Conferring with the Court before the defendants have responded to the controlling complaint is both inefficient (the defendants seemingly agree that only a schedule regarding claims that were contained in CFC's initial complaint would be at issue during the July 10th conference) and potentially prejudicial to CFC because it would be asked to agree to a partial schedule without having seen the defendants' responses and defenses to all the allegations in its controlling, First Amended Complaint. For these reasons alone, CFC's motion should be granted. However, because defendants have indicated they oppose this motion, CFC will offer additional factual and legal support for its motion.

Counsel for all parties did confer on June 12th, after the defendants had answered CFC's initial complaint, regarding a potential schedule for briefing CFC's APA claims,

which were then the only claims in that complaint. However during that conferral, CFC's counsel explained that CFC had related FOIA claims in a separate lawsuit then pending in this District, *Cascade Forest Conservancy v. USFS et. al.*, No. 3:19-cv-00481-MO (D. Or., April 2, 2019)[2], and one of the express purposes for CFC's submitting the underlying FOIA requests at issue in that related case was to allow it to verify the completeness of any administrative record submitted by the Federal defendants regarding CFC's APA claims in this case. CFC's counsel repeatedly stressed during the June 12th conferral that CFC would not agree that the administrative record regarding those APA claims was complete until it had complete responses to its FOIA requests that it could use to verify the completeness of that record. But counsel for defendants' insisted during this June 12th conferral that those FOIA claims were unrelated and should have no impact on the schedule for and resolution of CFC's APA claims. Indeed, it was defendants' position regarding CFC's related FOIA claims and their unexpected refusal to take them into account regarding any proposed schedule regarding CFC's APA claims that caused CFC to file its First Amended Complaint, thereby making CFC's FOIA claims an explicit part of this case.

CFC initially filed its FOIA claims in a separate but related lawsuit simply because of the differing times for submitting answers to FOIA and APA claims and in the hope that, because of the faster response time required for FOIA claims, 5 U.S.C. § 552(a)(4)(C), CFC would be able to resolve the related FOIA claims and get actual complete responses to its FOIA requests before it would be required to review the

---

[2] CFC's Civil Coversheet specifically designated it as related to this pending case. *See id.* Dkt. No. 1-1.

Page 5:        MOTION TO RESCHEDULE RULE 16 CONFERENCE

administrative record in this case. However, as CFC addresses below, that has not happened, and CFC still is waiting for complete responses to all of its FOIA requests. Moreover, based on the defendants' position during the June 12th conferral, it appeared the defendants intended to insist in this case that CFC agree that the administrative record regarding its APA claims was complete while those same federal defendants were illegally withholding records responsive to CFC's FOIA requests in the other related lawsuit, records that CFC had requested, at least in part, to use to verify the completeness of such an administrative record. CFC therefore decided to amend its complaint in this case to make the relationship between CFC's FOIA and APA claims even clearer and to require them to be considered together in any scheduling order. CFC will dismiss its separate FOIA claims without prejudice.[3]

CFC's First Amended Complaint now includes this additional FOIA claim brought against both the Federal Defendant agencies in this case. CFC's FOIA claim relates to four separate FOIA requests, one to each agency in both 2016 and 2018. Each FOIA request sought records pertaining to the prospecting permits being considered by the agencies, which are the subject of the APA claims in this litigation. CFC made these FOIA requests for a variety of purposes. In 2016, CFC made requests under FOIA to facilitate its own commenting and public participation in the agencies' ongoing decision-making. The agencies, to varying degrees, failed to produce responsive records to CFC in a timely manner, and only last week did the BLM produce what it characterizes as a final

---

[3] CFC sought to confer with counsel for the Federal Defendants regarding a stipulated Rule 41 dismissal of its separately filed FOIA claims on June 26th. Unfortunately CFC is still waiting for a substantive response to that request and may have to file a contested Rule 41 dismissal motion.

Page 6:    MOTION TO RESCHEDULE RULE 16 CONFERENCE

response to CFC's 2016 FOIA request to that defendant agency. In 2018, immediately after the final permit decision was issued, which declined to address the legal issues raised by CFC's comments and objection, CFC made renewed, supplemental FOIA requests in order to be able to adequately assess the completeness of the agencies' administrative record as it became likely that CFC would need to litigate the validity of the agencies' prospecting permit decisions. This approach is a relatively common use of FOIA. The administrative record submitted by an agency is only presumed to be complete, and potential plaintiffs often make FOIA requests before filing APA lawsuits that they can subsequently use to verify that the administrative record is in fact complete and to offer records to complete it if necessary. *See e.g. Cty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 75 (D.D.C. 2008) (holding that records received from plaintiff's FOIA request should be part of the administrative record); *see also Conservation Force v. Ashe*, 979 F. Supp. 2d 90, 95 (D.D.C. 2013). However, the federal agencies have continued to both illegally withhold records from CFC, and even to acknowledge the connection between these FOIA requests and the underlying administrative record for the APA claims in CFC's complaint. Apparently the defendants intend to continue to withhold responsive FOIA records and to insist that CFC review and make any challenges to the administrative record regarding the APA claims in this case without the benefit of complete FOIA responses. Proceeding in such a manner, however, would significantly prejudice CFC's right to insist that the Court's review be based on the complete administrative record. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419–420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). As one president explained with regard to international treaties, it is important

Page 7:       MOTION TO RESCHEDULE RULE 16 CONFERENCE

to both trust and verify, and that is all CFC asks for regarding the administrative record by insisting that its FOIA claims be resolved first in this case.

There really can be no serious dispute that CFC was legally entitled to final FOIA "determinations" regarding each of its four FOIA requests long ago and the "prompt" production of all responsive records shortly thereafter, Dkt. No. 17 at 50–59, or that the Federal defendants have violated their legal obligations under FOIA with regard to each of CFC's FOIA requests. Thus, these FOIA claims should have been resolved without motion practice long ago. Since May of this year, CFC has repeatedly requested from the agencies' attorneys, both in the initial separate FOIA case and now in this FOIA/APA case, dates by which CFC could receive a complete response to its FOIA requests. CFC has expressly explained the need for these records in a timely manner so as to allow CFC to certify the completion of the administrative record for the APA claims in this suit. Attorneys for the agencies have repeatedly declined to provide any timeline for completing these long-outstanding FOIA requests, and they have failed to offer any reasonable basis for why CFC is still waiting for complete responses. Nevertheless, CFC remains hopeful that after they answer its First Amended Complaint, the defendants will finally offer specific, reasonable dates for their production of all the requested records and actual motion practice regarding CFC's FOIA claims will be unnecessary.

However, should it be necessary, CFC is prepared to litigate the FOIA claim by seeking either judgment on the pleadings or summary judgment and seek relief from the Court that permits CFC to review the FOIA records in tandem with the administrative record compiled for the other claims in this case. Dkt. No. 17 at 60. However, until CFC receives the defendant agencies' answer, and can evaluate precisely what sort of motion

will be necessary, CFC will be unable to propose a specific case management schedule to the Court that allows for such resolution of the FOIA claims before the APA administrative record must be certified as complete.

Accordingly, good cause exists to reschedule the status conference to the week of July 22, 2019, until after the Defendants have answered CFC's First Amended Complaint. The parties will then have time to once again confer regarding all the claims in the controlling complaint for this case, the Amended Complaint, and hopefully offer the Court a comprehensive proposed scheduling order that addresses all of those claims.

Respectfully submitted this 8th day of July, 2019.

    s/Thomas C. Buchele\_\_\_\_
Thomas C. Buchele, OSB # 081560
Kathryn Roberts, OSB # 174471
Earthrise Law Center
Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland OR 97219-7799
Tel: 503-768-6654 (Roberts)
Tel: 503-768-6643 (Buchele)
Fax: 503-768-6642
Email: kathryn@lclark.edu
Email: tbuchele@lclark.edu

Roger Flynn, *Admitted Pro Hac Vice*
Western Mining Action Project
P.O. Box 349
Lyons, CO  80540
Telephone: (303) 823-5738
Fax: (303) 823-5732
Email: wmap@igc.org

*Attorneys for Plaintiff Cascade Forest Conservancy*