**LAWRENCE VANDYKE**
Deputy Assistant Attorney General
Environment and Natural Resources Division
**MICHAEL S. SAWYER**
Trial Attorney, Natural Resources Section
United States Department of Justice
Environment & Natural Resources Division
4 Constitution Square, 150 M St. NE
Washington, DC 20002
Telephone: 202-514-5273
E-mail: michael.sawyer@usdoj.gov
*Attorneys for Defendants*

UNITED STATES DISTRICT

COURT DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CASCADE FOREST CONSERVANCY**, a non-profit corporation<br><br>*Plaintiff,*<br><br>v.<br><br>**LENORE HEPPLER**, in her official capacity as Branch Chief, Land, Mineral and Energy Resources, Oregon State Office, BLM; **UNITED STATES BUREAU OF LAND MANAGEMENT**, an agency of the United States Government; **GAR ABBAS**, in his official capacity as Cowlitz Valley District Ranger; and **UNITED STATES FOREST SERVICE**, an agency of the United States Government,<br><br>*Defendants,*<br><br>**ASCOT USA INC.** and **ASCOT RESOURCES LTD.**,<br><br>*Intervenor-Defendants.* | Civil No.: 3:19-cv-00424-AC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RESCHEDULE RULE 16 CONFERENCE** |

Page 1 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RESCHEDULE RULE 16 CONFERENCE

Defendants respectfully submit this response to Plaintiff's Motion to Reschedule Rule 16 Conference, Dkt. No. 25 ("Mot."). Although the parties had agreed to present their views on scheduling in a joint filing in advance of tomorrow's Rule 16 conference, Plaintiff subsequently refused to participate in that joint filing and instead filed its motion. Defendants oppose Plaintiff's rescheduling request because Plaintiff's litigation tactics seek to convert the Freedom of Information Act ("FOIA") into a civil discovery tool, contrary to Supreme Court law. *See N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978) ("FOIA was not intended to function as a private discovery tool.").

Plaintiff chose to file its FOIA claims and Administrative Procedure Act ("APA") claims in separate actions for its own strategic reasons. *See* Mot. at 5–6. Plaintiff's FOIA claims were assigned to Chief Judge Mosman,[1] while its APA claims were assigned to the Court. After Defendants filed separate answers in each case and the parties agreed on a schedule to complete briefing in the APA case by December, Plaintiff filed its First Amended Complaint.

Because the Amended Complaint attempts to insert duplicative FOIA claims into this case, the Court has discretion to stay the duplicative claims "pending resolution of the previously filed action." *Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). Staying Plaintiff's duplicative claims is the best course of action for several reasons. *First*, Plaintiff's FOIA claims are likely to be moot as the agencies presently anticipate providing complete FOIA responses to the outstanding FOIA requests by mid-August. *Second*, Plaintiff's tactic

---

[1] Dkt. No. 3, *Cascade Forest Conservancy v. USFS*, No. 3:19-cv-00481-MO (April 2, 2019 D. Or.).

Page 2 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RESCHEDULE RULE 16 CONFERENCE

of consolidation-through-amended-complaint creates forum shopping concerns as Plaintiff is able to circumvent the random judicial assignment process for its FOIA claims. *Third*, delaying resolution of the APA claims will prejudice Defendants, as they already have agreed to delay issuing notices to proceed for the challenged prospecting permits in order to avoid preliminary injunction briefing.

Plaintiff's only argument in favor of proceeding with its FOIA claims first is that it wants to be able to verify the completeness of the administrative record in this litigation. *See* Mot. at 5–7. But that is not a lawful FOIA purpose because "FOIA was not intended to function as a private discovery tool." *Robbins Tire & Rubber Co.*, 437 U.S. at 242. The Supreme Court has cautioned against delaying administrative litigation "through resort to preliminary litigation over a FOIA claim." *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 23 (1974). And Plaintiff cites no precedent supporting the proposition that preliminary litigation over a FOIA claim should be completed before APA claims may proceed to resolution.

Were Plaintiff's FOIA-first demands to prevail, it would result in significant delays in APA suits. *See Morley v. C.I.A.*, 894 F.3d 389, 393 (D.C. Cir. 2018), *cert. denied* No. 18-1371, 2019 WL 1935123 (U.S. June 24, 2019) ("a vast number of FOIA requests" are not responded to within 20 days); *AquAlliance v. NOAA*, No. 17-CV-02108 (CRC), 2019 WL 2451687, at *6 (D.D.C. June 12, 2019) ("It is common knowledge that many agencies contend with a massive FOIA backlog."). Here, two of Plaintiff's FOIA requests were filed in December 2018, just three months before Plaintiff filed this action. (In between those two events, the government was shut down for 35 days due to a lapse in appropriations.) Although Plaintiff has already received over 15,000 pages of documents in response to its

Page 3 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RESCHEDULE RULE 16 CONFERENCE

December 2018 FOIA requests, its insistence on complete responses to its recent, voluminous FOIA requests is a recipe for unacceptable delay of APA claims.

In any event, the significant FOIA responses Plaintiff has already received will enable it to review the completeness of the administrative record. Defendant United States Bureau of Land Management ("BLM") has already provided a complete response to Plaintiff's 2016 FOIA request. And Defendants have already provided thousands of pages in response to each FOIA request. Across all four requests, Defendants have produced over 35,000 pages of documents. A much smaller number of pages remain in the queue to be produced, and Defendants expect the queue to be empty by mid-August.

Even if the FOIA production queue remained full, the administrative record is still entitled to a presumption of regularity. *See Bar MK Ranches v. Yuetter*, 994 F.2d 735 (10th Cir. 1993); *Sara Lee Corp. v. American Bakers Ass'n*, 252 F.R.D. 31, 34 (D.D.C. 2008); *Amfac Resorts v. United States Dep't of the Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001); *accord Jones v. Rose*, No. CV 00-1795-BR, 2005 WL 2218134, at *7 (D. Or. Sept. 9, 2005). A party seeking discovery to support a challenge to the completeness of the administrative record "must make a significant showing – variously described as a 'strong', 'substantial', or 'prima facie' showing – that it will find material in the agency's possession indicative of bad faith or an incomplete record." *Amfac Resorts, L.L.C.*, 143 F. Supp. 2d at 12. Thus, even if it were generally appropriate to use FOIA as a private discovery tool, it still would not be appropriate here absent strong evidence that the record is incomplete.

In sum, Defendants request that the Court enter the parties' previously agreed-upon schedule to govern Plaintiff's APA claims:

| Date | Event |
|---|---|
| 08/05/2019 | Deadline for the Federal Defendants to lodge the administrative record with the Court. |
| 09/04/2019 | Deadline for Plaintiff to inform Federal Defendants and Intervenor-Defendants regarding any objections to the administrative record. |
| 09/18/2019 | Deadline for Plaintiff to file motion for summary judgment |
| 10/23/2019 | Deadline for Federal Defendants and Intervenor-Defendants to file combined opposition / cross-motion for summary judgment |
| 11/20/2019 | Deadline for Plaintiff to file combined reply in support of motion for summary judgment / opposition to cross-motion for summary judgment |
| 12/13/2019 | Deadline for Federal Defendants and Intervenor-Defendants to file combined reply in support of motion for summary judgment / sur-reply in opposition to motion for summary judgment |

Defendants further request that Plantiff's duplicative FOIA claims be stayed pending resolution of its previously filed action.

Respectfully submitted this 9th day of July 2019.

                        LAWRENCE VANDYKE
                        Deputy Assistant Attorney General
                        Environment and Natural Resources Division

                        */s/ Michael S. Sawyer*
                        MICHAEL S. SAWYER
                        Trial Attorney, Natural Resources Section
                        United States Department of Justice
                        Environment & Natural Resources Division
                        601 D St. NW
                        Washington, DC 20004
                        Telephone: 202-514-5273
                        E-mail: michael.sawyer@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2019, I filed a true and correct copy of the foregoing document with the Court's CM/ECF system, which will generate a Notice of Filing to the attorneys of record.

/s/ *Michael S. Sawyer*
MICHAEL S. SAWYER
Trial Attorney, Natural Resources Section
United States Department of Justice
Environment & Natural Resources Division
601 D St. NW
Washington, DC 20004
Telephone: 202-514-5273
E-mail: michael.sawyer@usdoj.gov